UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIVA D. BLACK,<br><br>         Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL OF CALIFORNIA,<br><br>         Defendant. | Case No.  2:21-cv-01094-JDP (PC)<br><br>ORDER THAT:<br><br>(1) THE SECOND AMENDED COMPLAINT, ECF No. 40, DOES NOT STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS.<br><br>(2) PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, ECF No. 24, IS GRANTED.<br><br>(3) HIS MISCELLANEOUS MOTIONS, ECF Nos. 3, 15, 19, 21, 29, 36, 39, & 41 are DENIED.<br><br>(4) THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE.<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF AND FOR A STAY, ECF Nos. 4, 16, 22, 25 & 38, BE DENIED. |

Plaintiff has filed a complaint that, although largely incomprehensible, emphasizes that he is asking this court to intervene in active state criminal proceedings. Accordingly, he has not

1

1  stated a cognizable claim. I will give him an opportunity to amend and to explain why this action

2  should proceed. I will also grant his application to proceed *in forma pauperis*. ECF No. 24.

3  Plaintiff has also filed numerous motions whose requested relief ranges from asking to

4  pay the filing fee by credit card, ECF No. 29, to requesting the invalidation of the Anti-Terrorism

5  and Effective Death Penalty Act of 1994 ("AEDPA"), ECF No. 41. All these motions, including

6  those for appointment of counsel, will be denied.[1] I find it unnecessary to address each one.

7  Broadly, plaintiff's motions related to payment of the filing fee are resolved by the granting of his

8  application to proceed *in forma pauperis*. As described above in note one, he has not shown that

9  appointment of counsel is warranted. His motions to invalidate AEDPA and 42 U.S.C. § 1996,

10  ECF Nos. 39 & 41, are denied as frivolous. His motions related to amendment of the pleadings

11  are denied as moot.

12  **Screening and Pleading Requirements**

13  A federal court must screen a prisoner's complaint that seeks relief against a governmental

14  entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

15  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

16  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

17  immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

---

[1] Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).
The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are at best difficult to comprehend and plaintiff has not demonstrated that he is likely to succeed on the merits. Plaintiff's motions to appoint counsel, ECF Nos. 3 & 15, are denied without prejudice.

1        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
2   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
3   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
4   require detailed allegations, but legal conclusions will not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
5   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
6   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
7   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
8   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
9   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
10  n.2 (9th Cir. 2006) (en banc) (citations omitted).
11       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
12  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
14  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
15  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
16  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
17  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

19       Plaintiff's complaint is largely incomprehensible.  It argues that state criminal proceedings
20  against him are a pretext used by the federal government to evade judicial review.  ECF No. 40 at
21  2. It references various religious disputes that plaintiff has apparently had with authorities and
22  argues that a "government installed religious sect" is acting against him in order to advance
23  Christianity and "freeze out the genuine Ayajuasca religions . . . ." *Id*. at 4.  These allegations
24  lack both the context and grounding in reality that would be necessary for them to proceed.
25  Additionally, to the extent that plaintiff seeks an order enjoining state criminal proceedings
26  against him, this court must abstain.  *See Younger v. Harris*, 401 U.S. 37 (1971).  The four
27  requirements for abstention under *Younger*—that "(1) there is an 'ongoing state judicial
28  proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate

3

1  opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief
2  'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding,"
3  appear to be met here. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). The
4  complaint indicates that there is an ongoing state proceeding. State criminal proceedings
5  implicate important state interests. Plaintiff has not advanced an argument that his claims could
6  not be raised in his state proceedings. Finally, his claims appear to attack the legitimacy of the
7  proceedings against him, ECF No. 40 at 2 (alleging that his prosecution is pretextual), and
8  granting his petition would likely have the practical effect of enjoining them.

9       I will allow plaintiff a chance to amend his complaint before recommending that this
10 action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
11 will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th
12 Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
13 without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
14 complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
15 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
16 defendant's involvement in sufficient detail. The amended complaint should be titled "Third
17 Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an
18 amended complaint, I will recommend that this action be dismissed.

19      Finally, I will recommend that all of plaintiff's motions for preliminary injunction be
20 denied without prejudice because he has failed to show any likelihood of success on the merits.
21 *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

22      Accordingly, it is ORDERED that:

23      1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 24, is granted.

24      2. Within thirty days from the service of this order, plaintiff must either file an
25 Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects
26 the latter option, I will recommend that this action be dismissed for failure to state a claim.

27      3. Failure to comply with this order may result in the dismissal of this action.

28

4. The Clerk of Court is directed to send plaintiff a complaint form and assign a district judge to this action.

5. Plaintiff's motions at ECF Nos. 3, 15, 19, 21, 29, 36, 39, & 41 are denied without prejudice.

Further, it is RECOMMENDED that plaintiff's motions for preliminary injunctive relief, ECF Nos. 4, 16, 22, 25 & 38, be DENIED without prejudice.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Plaintiff may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: November 19, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE