UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIVA D. BLACK,<br><br>            Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL OF CALIFORNIA,<br><br>            Defendant. | Case No. 2:21-cv-01094-TLN-JDP (PC)<br><br>ORDER THAT PLAINTIFF'S MOTION FOR JOINDER AND MOTION TO APPEND BE DENIED<br><br>ECF Nos. 49 & 61<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>(1) PLAINTIFF'S THIRD AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM; AND<br><br>(2) PLAINTIFF'S MISCELLANEOUS MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 42, 47, 54, 55, 53, & 58<br><br>FOURTEEN-DAY DEADLINE FOR OBJECTIONS |

      Plaintiff Siva D. Black proceeds on his third amended complaint. ECF No. 53. His previous complaints failed to state a claim, and the current one fares no better. Accordingly, I will recommend that his most recent complaint be dismissed without leave to amend.

1

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's third amended complaint is frivolous. As best I can tell, he claims that an ongoing state criminal case against him is a pretext for a "religious gerrymander against the Santo Daime religion." ECF No. 53 at 1.[1] He alleges the fanciful existence of a far-reaching alliance between the federal government and Christian pastors to block the exercise of pagan religions. *Id.* at 2. The rest of the complaint, which runs forty-one pages in length, recounts plaintiff's alleged persecution by various actors. At no point does plaintiff present a cogent, non-frivolous claim.

Plaintiff has already been afforded an opportunity to amend his complaint. Given the state of his most recent complaint, I find that granting him another opportunity to amend would be futile. I will recommend that his complaint be dismissed without leave to amend.

Accordingly, it is ORDERED that plaintiff's motion to join respondents, ECF No. 49, and motion to append, ECF No. 61, are DENIED.

Further, I RECOMMEND that:

1.     Plaintiff's third amended complaint, ECF No. 53, be dismissed with prejudice and without leave to amend for failure to state a claim.

2.     Plaintiff's motions for injunctive relief, ECF Nos. 47, 54, 55, & 58, be DENIED.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

[1] Plaintiff has also motioned to add various supplements to his third amended complaint. ECF Nos. 61 & 62. Though such supplements are impermissible, I have reviewed them out of an abundance of caution. They do nothing to save his complaint.

3

IT IS SO ORDERED.

Dated: __March 28, 2022__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE